UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VINCENT CAPUTO and<br>JESSICA BECICA,<br><br>        Plaintiffs,<br><br>      v.<br><br>BELMAR MUNICIPALITY &<br>COUNTY, et al.,<br><br>        Defendants. | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: | CIVIL ACTION NO. 08-1975 (MLC)<br><br>**MEMORANDUM & ORDER** |

Plaintiff Vincent Caputo, a prisoner confined at Ocean County Jail in Toms River, New Jersey, seeks to bring a civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.  The Prison Litigation Reform Act (the "Act"), see 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

A prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Caputo may not have known when he submitted the complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the complaint if the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the complaint for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, filed a complaint or brought an appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Caputo has incurred at least one "strike" under § 1915. See Caputo v. Magrini, No. 99-5149 (3d Cir.).

2

Caputo failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2).  Although Caputo mailed the complaint from Ocean County Jail, he states on the application that he is not incarcerated, and he failed to submit the required institutional account statement.  Caputo's application for leave to proceed in forma pauperis will be denied.

Caputo also seeks to proceed as representative of a class pursuant to Federal Rule of Civil Procedure 23.  "One or more members of a class may sue ... as representative parties on behalf of all only if ... (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a).  But "a prisoner proceeding pro se may not seek relief on behalf of his fellow inmates." Alexander v. N.J. State Parole Board, 160 Fed.Appx. 249, 249 n.1 (3d Cir. 2005) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")).  Moreover, the complaint purports to attack individual arrest and prosecution decisions, as well as the resulting criminal judgments and fines, and the facts alleged do not suggest that such claims fit within the requirements of a class action.  See Fed.R.Civ.P. 23(a), (b).  Accordingly, the Court will not permit this action to proceed as a class action.

The complaint names an additional plaintiff — Jessica Becica — who is identified as a purported class member. Becica did not sign the complaint, prepay the filing fee, or submit an application for leave to proceed in forma pauperis. Becica is confined at the Edna Mahan Correctional Facility for Women in Clinton, New Jersey. The complaint contains virtually no factual allegations specifically regarding Becica. The Court finds that it is not appropriate to permit this matter to proceed as a joint complaint of Plaintiffs Caputo and Becica.

The Court will not construe the complaint as asserting claims permitted to be joined under Federal Rule of Civil Procedure 20. Title 28 section 1915 imposes special limitations with respect to in forma pauperis actions brought by prisoners. Rule 20 governs permissive joinder of parties and provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20. In Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002), the court concluded that the language of § 1915(b)(1),

that "the prisoner shall be required to pay the full amount of a filing fee," requires each prisoner to bring a separate suit and, to the extent that statutory language actually conflicts with Rule 20, the statute repeals the rule.

The Court of Appeals for the Seventh Circuit, however, found no irreconcilable conflict between § 1915(b)(1) and Rule 20 and held that district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied.  Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004).  Nevertheless, the Seventh Circuit held that each prisoner joining in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to satisfy the financial incentive of the statute to deter frivolous prisoner actions.  391 F.3d at 855-56.

Whether or not there is an inherent conflict between § 1915(b) and Rule 20, at least two district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20.  See Wasko v. Allen County Jail, 2006 WL 978956 (N.D. Ind. 2006); Swenson v. MacDonald, 2006 WL 240233 (D. Mont. 2006).  Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to

5

gather to discuss the joint litigation.  These two district courts
have also noted that jail populations are notably transitory,
making joint litigation difficult.  A final consideration for the
District Court for the District of Montana was the possibility
that "coercion, subtle or not, frequently plays a role in
relations between inmates."  <u>Swenson</u>, 2006 WL 240233, at *4.

The reasoning of these district courts is persuasive.
Prisoners are not in the same situation as non-prisoner joint
plaintiffs; prisoners' circumstances make joint litigation
exceptionally difficult.  For example, the two plaintiffs named
here are confined in different facilities.

Plaintiffs here also have asserted claims that require
individualized screening pursuant to 28 U.S.C. § 1915(e)(2).
Specifically, Plaintiffs have asserted constitutional violations
in connection with their arrests, prosecutions, judgments, and
fines.  But joinder of their claims would permit both Plaintiffs
to avoid the risk of a "strike" under § 1915(g) if even one
Plaintiff states a claim, because § 1915(g) imposes a strike only
if the entire complaint is dismissed.  For all of the foregoing
reasons, joinder as plaintiffs is not appropriate either.

Rule 21 provides that "[p]arties may be dropped [from a case]
... on such terms as are just."  It would not be just merely to
dismiss Becica's claims with prejudice.  Instead, the Court will
(1) dismiss Becica's claims without prejudice, and (2) grant her

leave to (a) bring a new action and file a new complaint asserting individual claims, and (b) either remit the $350 filing fee, or submit a complete application for leave to proceed in forma pauperis, with the required institutional account statements.  Becica, if she elects to proceed as directed here, should refer to this Memorandum and Order in a cover letter. Furthermore, Caputo's claims will be administratively terminated. But if he chooses to proceed, he will be granted leave to move to re-open the action and submit a proposed amended complaint asserting his individual claims.

Finally, any civil complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

7

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)

(citations omitted).

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides:

> A party must state its claims ... in numbered
> paragraphs, each limited as far as practicable to a
> single set of circumstances. ... If doing so would
> promote clarity, each claim founded on a separate
> transaction or occurrence ... must be stated in a
> separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants
> if:
>     (A) any right to relief is asserted against them
> jointly, severally, or in the alternative with respect
> to or arising out of the same transaction, occurrence,
> or series of transactions or occurrences; and
>     (B) any question of law or fact common to all
> defendants will arise in the action.

(emphasis added). See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

The complaint submitted here fails to meet these pleading requirements. The complaint is almost devoid of factual allegations and instead consists almost completely of vague generalizations and conclusory claims of constitutional violations and conspiracies.

8

**THEREFORE**, for all the foregoing reasons, **IT IS** on this 2nd day of May, 2008,

**ORDERED** that the Clerk of the Court shall correct the docket to reflect the additional Plaintiff Jessica Becica; and it is further

**ORDERED** that Plaintiff Vincent Caputo's application to proceed in forma pauperis (dkt. entry no. 1) is **DENIED** without prejudice; and it is further

**ORDERED** that the request to proceed as a class action pursuant to Federal Rule of Civil Procedure 23 is **DENIED**; and it is further

**ORDERED** that the **COMPLAINT INSOFAR AS ASSERTED BY PLAINTIFF JESSICA BECICA IS DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff Jessica Becica is **GRANTED LEAVE** to simultaneously (1) bring a new civil action and file a new complaint asserting individual claims, and (2) either remit the $350 filing fee, or submit a completed and signed application for leave to proceed in forma pauperis with the required institutional account statements for the preceding six months, by **JUNE 2, 2008**; and it is further

**ORDERED** that Plaintiff Jessica Becica refer to this Memorandum and Order, in her cover letter if she elects to proceed as directed here; and it is further

9

**ORDERED** that the Clerk of the Court shall supply to each Plaintiff a blank form Application to Proceed In Forma Pauperis and a blank form complaint to be used by a prisoner filing a civil rights complaint; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE THE ACTION INSOFAR AS BROUGHT BY PLAINTIFF VINCENT CAPUTO**, without filing the complaint or assessing a filing fee; administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the action insofar as brought by Plaintiff Vincent Caputo is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

**ORDERED** that Plaintiff Vincent Caputo may indicate his intent to proceed with his claims by (1) moving to reopen, (2) submitting a proposed amended complaint asserting his individual claims that is in compliance with the pleading requirements of the Federal Rules of Civil Procedure, and (3) either remitting the $350 filing fee, or submitting a completed and signed application for leave to proceed in forma pauperis with the required institutional account statements for the preceding six months, by **JUNE 2, 2008**; and it is further

10

**ORDERED** that the Application for Pro Bono Counsel (dkt. entry no. 2) is **DENIED WITHOUT PREJUDICE;** and it is further

**ORDERED** that nothing in this Memorandum and Order should be construed as precluding the Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order upon Plaintiffs by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court designate the action as **CLOSED.**

 

 

                                   s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge